**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**LARRY SHAWN DUNCAN**                                                      **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 4:21-CV-P76-JHM**

**MADISONVILLE POLICE DEPARTMENT** *et al.*                     **DEFENDANTS**

**MEMORANDUM OPINION**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the

Court for screening of the action pursuant to 28 U.S.C. § 1915A.  For the following reasons, the

action will be dismissed.

**I.**

Plaintiff is incarcerated as a convicted prisoner.  He sues the Madisonville Police

Department (MPD) and MPD Detective Sean McCance in both his official and individual

capacities.

Plaintiff alleges that Defendant McCance illegally detained him during his arrest on

January 12, 2016.  He then lists three state-court criminal case numbers and states that those are

cases in which he was "illegally detained."[1]

As relief, Plaintiff seeks damages and "release on parole/probation."

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] The case numbers Plaintiff lists are No. 16-cr-3, No. 16-cr-46, and No. 18-cr-146.

immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court construes the complaint as asserting a Fourth Amendment false-arrest claim against Defendant McCance.  Because § 1983 does not provide a statute of limitations, federal

courts borrow the forum state's statute of limitations for personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985).  In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a).  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).   While state law governs the length of the applicable statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *see also Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).  "Ordinarily, the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action."  *Eidson*, 510 F.3d at 635.  In determining the accrual date, courts look to "what event should have alerted the typical lay person to protect his or her right."  *Id.* (quoting *Kuhnle Bros. v. Cty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)).

The Supreme Court has held that a false-arrest claim accrues at the time of arrest, or at the latest, when detention without legal process ends.  *Leaphart v. City of Detroit*, No. 19-2202, 2020 U.S. App. LEXIS 5111 (6th Cir. Feb. 19, 2020) (citing *Wallace v. Kato*, 549 U.S. 384, 389 (2007).  Plaintiff states that he was arrested by Defendant McCance on January 12, 2016, and the Court takes judicial notice that Plaintiff was arraigned in the first criminal case he cites, *Commonwealth v. Duncan*, No. 16-cr-0003, on February 4, 2016.[2]  Thus, his false-arrest claim accrued, at the latest, on that date, and the limitations period for the claim expired one year later on February 4, 2017.  Plaintiff did not file the instant complaint until July 20, 2021,[3] several

[2] The KYeCourts CourtNet 2.0 system (CourtNet), *see* https://kcoj.kycourts.net/kyecourts, shows that Plaintiff was arraigned in this action on February 4, 2015.  *See* Hopkins Circuit Court, No. 16-cr-0003.  Courts may take judicial notice of public records.  *See New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) ("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.").
[3] Under the prison mailbox rule, the complaint is deemed filed when presented to prison officials for mailing.  *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).  Plaintiff certifies that he delivered his complaint to the prisoner mail system for mailing on July 20, 2021.

years after the statute of limitations for his false-arrest claim had expired.  Thus, this action is untimely and must be dismissed as frivolous.  *See, e.g.*, *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

Moreover, to the extent that Plaintiff seeks release to parole, this relief is not available in a § 1983 action.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

**IV.**

For the foregoing reasons, this action will be dismissed by separate Order.

Date:  August 4, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
4414.011

4